## RELYEA and others *vs.* DREW and others.

Where the defendants covenanted to pay the plaintiffs $3000, per month during the time the fare upon certain steamboats running on the Hudson river in a particular season should be three dollars; $2500 per month during the time it should be two dollars and fifty cents, and so on specifying five different rates of payment as different prices should be obtained for fare, the last being $500 per month when the fare should be below one dollar, and the declaration, after setting out the covenant, assigned as a breach that at the close of the season a large sum, to wit, $5000, became due and payable to the plaintiffs according to the covenant, and was not paid, *without any averment shewing what the fare had at any time been upon such boats;* HELD bad for the want of such averment.

DEMURRER to declaration. The action was covenant, commenced in July term, 1843; and the declaration stated that heretofore, to wit, on the 25th of October, 1841, the plaintiffs being owners of the steamboat *Diamond,* they and the defendants entered into a contract under seal, by which the defendants, for and in consideration of the agreement thereinafter mentioned, covenanted to pay the plaintiffs $125 for each and every day the Hudson river should be navigable between New-York and Albany during the year 1841, $1000 in advance, and weekly thereafter until the same should be paid; and in like manner for each and every month during the season for ordinary navigation for the year 1842 after the 20th day of March, the sum of $3000 per month when the fare should be three dollars on the boats of the People's line and the New-York, Albany and Troy line of steamboats, or either of said lines; $2500 when the fare should be two dollars and fifty cents; $2250 when it should be two dollars; $1700 when it should be one dollar and fifty cents, and $1000 per month when one dollar, the price of berths to be reckoned as part of the fare; and if the fare should at any time be less than one dollar, then they were to pay $500 per month for such time as said boats should run at such reduced price; payments to be made half monthly to R. F. Slack, at the office of the People's line in New-York or Albany. In consideration of which the plaintiffs covenanted to withdraw said boat Diamond

Relyea *v.* Drew.

from the Hudson river between Albany and New-York and the intermediate places, for the remainder of the year 1841, and for the year 1842. Plaintiffs aver that they did so withdraw the Diamond from the Hudson river for the remainder of 1841 and for 1842, and that they have performed and kept the covenants on their part. Breach, that the defendants did not for the season of ordinary navigation between New-York and Albany, for the year 1842, pay to the said plaintiffs the sums specified in said agreement to be paid during said season by the said defendants, or any part thereof, *but on the contrary, at the close of the season of navigation for* 1842, *a large sum, to wit, five thousand dollars had become and then and there was due and payable from the defendants to the plaintiffs, according to the form and effect of the said covenant, for and on account of the payments to be made during the season of ordinary navigation for* 1842; yet the said defendants did not pay and have not paid, &c. to the plaintiffs or to said Slack said sum of money, &c. but have refused, &c.

Demurrer and joinder. Among the special causes of demurrer it was objected, that the declaration did not state the length of the navigable season of 1842 after the 20th day of March; or what fare was paid to the lines of boats mentioned in the agreement, during any part of that season.

*S. Stevens,* for the defendants, insisted that the declaration was defective for the want of the particular averments above referred to. He cited *The People* v. *Russell,* (4 *Wend.* 570;) *Thomas* v. *Van Ness,* (*id.* 549;) *Glover* v. *Tuck,* (24 *id.* 153; *Mansel on Demurrer,* 51–2; *Cooney* v. *Winants* (19 *Wend.* 504;) *Brown* v. *Stebbins,* (4 *Hill,* 154.)

*I. Harris,* for the plaintiffs, maintained that enough was stated fairly to apprise the defendants of the claim made against them, which he said was all that was requisite, and referred to 1 *Chit. Pl.* 408–9; *Hughes* v. *Smith,* (5 *John. R.* 173;) *Postmaster General* v. *Cochran,* (2 *id.* 414;) *Stephens on Pleading,* 402, 411; *Dale* v. *Roosevelt,* (9 *Cowen,* 313.)

Relyea *v.* Drew.

*By the Court*, BEARDSLEY, J.   The covenants of the respective parties to this suit appear to be fully set out in the declaration, and the plaintiffs have averred performance on their part. So far the declaration is correct.   But this alone is not enough to show a right of action against the defendants.   The plaintiffs were bound to go further, and in due form to assign such breaches of the defendants' covenants as were relied upon as grounds for a recovery of damages.

A chief object of formal written pleadings is to apprise the opposite party of the real cause of complaint against him, so that he may, in like manner, interpose the proper answer on his part, and that on the trial he may not be taken by surprise. This requires that the injury complained of, should be stated with such fulness and certainty in the declaration as to leave no reasonable doubt of the particular transaction on which the plaintiff relies, and which he intends to prove, to establish his right of action.   (1 *Ch. Pl. 7th Am. ed.* 244.)   These are common-place principles, and apply to every pleading which is required to be special in its nature.

In this case several grades or rates of compensation are specified in the contract declared on, and the plaintiffs must recover, if at all, according to some one or more of the specified rates. They may be entitled to recover at different rates for different periods of time during the season of 1842; for instance, at the rate of three thousand dollars per month, for one period; one thousand for another, and five hundred for the residue; but for a single period, only one rate of compensation can in any case be allowed.   And the particular rate which may be recovered, is not made to depend upon what the plaintiffs or the defendants may themselves do, but upon the rate of fare for the time being for a passage between New-York and Albany on certain lines of boats, or one of them, as is specified in the contract.   The fare on these lines may have varied at different times in the season of 1842.   This was anticipated by the contract, and the change would affect the amount which the defendants were bound to pay.   Such was their engagement by the terms of the contract.   If the fare, on the boats referred to, was as high as

three dollars a passage, the monthly payment was to be three thousand dollars; but if the fare fell below one dollar, the sum per month was to be five hundred dollars.

In effect, the defendants entered into several distinct engagements, each of which depended upon a particular event in the nature of a condition precedent. They were only bound to pay at the rate of three thousand dollars per month when the fare was as high as three dollars; if less than that sum, then the monthly payment was to be reduced; but its amount, in every case, was to depend upon the rate of fare for the same pariod.

The defendants had an undoubted right to know what rate of compensation per month was claimed by the plaintiffs. This was of the substance and essence of the controversy between them. If different rates were demanded for different periods, this also should appear in the declaration; and the ground on which each particular rate was claimed should also be stated. Hence the passage fare between New-York and Albany for each separate period must be stated; for upon that alone the amount of the monthly payment depended.

In these respects this declaration is defective. It does not show what rate of compensation is demanded by the plaintiffs, or what the passage fare at any time during the season of 1842 was. The plaintiffs may intend to claim three thousand dollars a month, or they may demand but five hundred, and as every thing is left at large by this declaration, they may design to prove the fare to have been three dollars, or any other amount whatever. On these important and indeed vital points, the declaration furnishes not even an intimation of what is intended. It is plainly bad. The plaintiffs cannot set out the contract and then aver that a large sum of money became and was due upon it, and which had not been paid. They must show in particular how the sum or sums demanded became due and payable. If three thousand dollars per month are claimed, it must appear that the passage fare was at least three dollars, and so of any other rate of compensation which may be demanded.

The defendants are entitled to judgment, but with leave to amend on payment of costs.

Ordered accordingly.